```
1  PETER B. BUNTING (State Bar No. 124104)
   Attorney at Law
2  2501 West Shaw Avenue, Suite 119
   Fresno, CA 93711
3  (559) 226-4030 – Telephone
4  (559) 226-4148 -  Facsimile
   e-mail: info@peterbbuntinglaw.com
5
6
   Attorney for Debtors Perez
7
8
9              UNITED STATES BANKRUPTCY COURT
             EASTERN DISTRICT OF CALIFORNIA, FRESNO
10
```

| | |
|---|---|
| In Re: | Chapter 13<br>Case No.: 15-13604<br>DC No.    PBB-1 |
| Mario Francisco Perez<br>and Diana Valenzuela Perez,<br>dba Mario's Landscaping,<br>dba Apartamentos Los Olivos | **HEARING**<br>Date:    September 24, 2015<br>Time:    10:00 A.M.<br>Ctrm:    11<br>Dept.    A (5th Floor)<br>United States Bankruptcy Court<br>2500 Tulare Street<br>Fresno CA 93721-1318 |
| Debtors. | |
| | [HONORABLE FREDERICK E. CLEMENT] |

**MOTION FOR AUTHORITY TO USE CASH COLLATERAL**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Mario and Diana Perez (the "Debtors"), come before this Court seeking an Order granting a Motion for Order Approving Use of Cash Collateral as follows:

1. The grounds for the Motion are that the cash collateral sought to be used constitutes the sole source of funds to operate the apartments. Unless the Court permits immediate use of the cash collateral, the Debtors will be unable to maintain the apartments and will be unable to preserve the value of the estate's assets. The Debtors immediately need the use of cash collateral to maintain operations. Any inability to maintain ongoing services will severely affect the value of the estate, which will create immediate and irreparable problems for the Debtors and their creditors.

2. The cash collateral sought to be used is the cash collateral of U.S. Bank, N.A. ("U.S. Bank") as successor-in-interest to the Federal Deposit Insurance Corporation ("FDIC"), receiver for Park National Bank. U.S. Bank has security interests in the cash collateral to be used.

3. In accordance with BR 4001(d)(1), the Debtors have served the Motion on the secured creditor U.S. Bank; U.S. Bank's counsel of record in state judicial foreclosure and receivership proceedings; all taxing agencies; two holders of recorded abstracts of judgment which remain of record but have been discharged by accord and satisfaction; Michael H. Meyer, Chapter 13 Trustee; and the U.S. Trustee's Office. Additionally, if the Court has so ordered, the Motion has been served on all unsecured creditors. Under the circumstances, it is submitted that the notice with respect to the emergency Motion is proper.

4. The Motion is based on the Notice of Motion, the Motion and Memorandum of Points and Authorities in support of the Motion; the Debtor's Declaration; and all exhibits attached thereto; the complete records and files of the Court in this case; the representations and arguments of counsel to be made at the hearing on the Motion; and such other and further evidence and matters as may be presented to the Court in connection with the Motion.

WHEREFORE, the Debtors request that the Court enter an Order (i) approving the interim use of cash collateral at the hearing; (ii) authorizing the use of cash collateral on terms

prescribed by the Court; (iii) setting a hearing on further use of cash collateral, and (iv) granting such other and further relief as the Court deems just and proper under the cirumstances

Dated: 9-12-15

*Peter B Bunting*
Peter B. Bunting
Attorney for Debtors